**In re M. MILLER LTD., formerly Rolmark & Sons, Inc.**

**Bankruptcy No. BK 5–80–00395.**

United States Bankruptcy Court, M. D. Pennsylvania.

Dec. 31, 1980.

William H. Hebrank, Bell of Pa. Law Dept., Philadelphia, Pa., for Bell Telephone Co.

Joseph B. Finlay, Jr., Wilkes-Barre, Pa., for debtor.

OPINION

THOMAS C. GIBBONS, Bankruptcy Judge:

This matter is before the Court on the application of the Bell Telephone Company of Pennsylvania ("Bell") for an order directing the debtor-in-possession to apply to the Court for authority to assume or reject a contract for telephone service. Bell seeks relief under § 365(d)(2) of the Bankruptcy Code, [11 U.S.C.A. § 365(d)(2)], which requires a debtor to assume or reject an executory contract within a specified time upon request of any party. Section 365(b)(1) requires, *inter alia*, that the debtor cure any default on such contract. Bell, therefore, submits that it is entitled to the delinquent payment for pre-bankruptcy service furnished to the debtor as a condition to the furnishing by Bell of post-bankruptcy service.

The debtor maintains that utility service contracts are governed specifically by § 366 and are not included in the more general provisions of § 365.[1] Section 366 provides that a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.

The Court feels that § 366 is controlling. The plaintiff has submitted no authority, nor are we aware of any, which would require the application of § 365(d)(2) to the facts of the present case.

As the Comment to Section 366 in *Collier's Bankruptcy Code*, (1979 Pamphlet

---

**1.** An order was, in fact, entered on August 1, 1980 upon application of the debtor directing

Bell to furnish utility service under § 366 of the Code.

Edition), states: "A utility may not require payment of accumulated obligations of the bankrupt for pre-bankruptcy services as a condition to further service."

In view of the foregoing, the relief requested in the application of Bell is denied.

This opinion constitutes findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.